IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs June 5, 2007

## CHESTER FLOYD COLE v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Madison County**
**No. C-04-69     Roy B. Morgan, Jr., Judge**

---

**No. W2006-02138-CCA-R3-PC  - Filed June 26, 2007**

---

The petitioner, Chester Floyd Cole, appeals the denial of his motion to reopen his post-conviction petition, arguing that newly discovered evidence of his rape victim's medical examination would have altered the outcome of his trial.  Following our review, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J.C. MCLIN, JJ., joined.

Chester Floyd Cole, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Al Earls, District Attorney General; and Jody S. Pickens, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

This case involves the petitioner's conviction for rape of a child based on his April 1995 rape of his stepdaughter, who was nine years old at the time of the offense.  The victim, however, was fifteen years old on March 15, 2000, the date that she first reported to the police that the petitioner had been sexually abusing her since she was five years old.  As a result of the victim's revelations, the Madison County Grand Jury indicted the petitioner on several counts of rape and rape of a child. One count of rape of a child was severed from the other counts in the indictment, and the petitioner was subsequently convicted by a Madison County jury of that offense.  The  State's proof at trial included the testimony of the then-sixteen-year-old victim as well as that of the victim's brother, who witnessed the April 1995 rape.  See State v. Chester Floyd Cole, No. W2001-02871-CCA-R3-CD, 2002 WL 31895730, at *1 (Tenn. Crim. App. Dec. 31, 2002), perm. to appeal denied (Tenn. May 19, 2003). This court affirmed the conviction on appeal, but remanded for resentencing based on the

trial court's failure to apply the pre-July 1995 sentencing guidelines when determining the petitioner's sentence.  Id.

In a later case involving the same victim, the petitioner was convicted by a Madison County jury of incest and misdemeanor assault.  Our direct appeal opinion in that case gives a synopsis of the proceedings against the petitioner:

> This case relates to the defendant's conduct with his step-daughter.  The record reflects that a Madison County Grand Jury originally returned an indictment on September 5, 2000, charging the defendant with five counts of rape and two counts of rape of a child.  Each offense occurred on a different date and was based on separate facts.  The parties agreed to sever one count of rape of a child from the other six counts of the indictment and to proceed to trial on that count.  The defendant was convicted of rape of a child and the trial court sentenced him to twenty-five years.  On appeal, this court affirmed the defendant's conviction but reduced his sentence to twenty-two years.  See State v. Chester Floyd Cole, W2001-02871-CCA-R3-CD, Madison County  (Tenn. Crim. App. Dec. 13, 2001).  On April 1, 2002, a Madison County Grand Jury returned a superseding indictment, charging the defendant with the five untried counts of rape, the one untried count of rape of a child, and six corresponding counts of incest.  The parties agreed to sever one count of rape and one count of incest and proceed to trial only on those counts.  The state thereafter moved for a continuance, which the trial court denied, prompting the state to submit a nolle prosequi order of dismissal, which the trial court granted.  On March 3, 2003, a Madison County Grand Jury again returned an indictment against the defendant, charging him with four of the five original counts of rape and four corresponding counts of incest.  After the trial court denied the defendant's motion to dismiss the incest counts, the parties agreed to sever one count of rape and a corresponding count of incest and proceed to trial.  At the trial, the jury found the defendant not guilty of rape but guilty of the lesser included offense of Class B misdemeanor assault and of incest.

State v. Chester Floyd Cole, No. W2004-01200-CCA-R3-CD, 2005 WL 1541858, at *1 (Tenn. Crim. App. June 30, 2005), perm. to appeal denied (Tenn. Nov. 28, 2005).

On May 19, 2004, the petitioner filed a *pro se* petition for post-conviction relief from his conviction for rape of a child in which he alleged various instances of ineffective assistance of counsel.  State v. Chester Floyd Cole, No. W2004-02463-CCA-R3-PC, 2005 WL 1656831, at *1 (Tenn. Crim. App. July 15, 2005), perm. to appeal denied (Tenn. Dec. 5, 2005). Subsequently, post-conviction counsel was appointed, an amended petition filed, and an evidentiary hearing held.  Id. At the conclusion of the hearing, the post-conviction court dismissed the petition.  Id.  The petitioner then appealed to this court, arguing that his trial counsel was ineffective for failing to adequately communicate with him and for failing to call requested witnesses at trial.  Id.  Following our review, we affirmed the dismissal of the petition.  Id. at *5.

On June 14, 2006, the petitioner filed a *pro se* motion to reopen his post-conviction petition. Counsel was subsequently appointed to assist the petitioner, and a brief evidentiary hearing was held on September 11, 2006. At that hearing, the petitioner acknowledged that all five of the grounds he raised in his *pro se* motion revolved around his central allegation that the prosecutor withheld exculpatory evidence, consisting of the victim's medical examination, from his trial for rape of a child. Specifically, the petitioner alleged that the State withheld the results of the victim's March 15, 2000, physical examination by Dr. William Willis at Jackson General Hospital, which revealed that the victim showed no signs of physical injury or abuse on March 15, 2000, despite her allegation that the petitioner had forcibly raped her the previous day.

The petitioner testified that his trial counsel did not provide him with discovery and that the first time he saw a copy of the victim's medical report was after this court granted his motion to obtain the records associated with his case. Thereafter, he promptly filed his motion to reopen the post-conviction proceedings. He believed that the outcome of his trial would have been different had the jury seen the medical report. On cross-examination, the petitioner acknowledged he admitted at his second trial that he had sexual intercourse with the victim but only after she was fifteen years old. He said he was not aware that the indictments returned in the case listed the victim's "rape kit" in connection with the list of witnesses to be subpoenaed by the State.

The trial court orally denied the petitioner's motion at the conclusion of the hearing, and on October 2, 2006, the petitioner filed a *pro se* notice of appeal in the Circuit Court of Madison County. On November 1, 2006, the trial court's written order denying the motion was entered. This order states, in pertinent part:

> [T]he Court finds that the [petitioner] has failed to show by clear and convincing evidence he is entitled to the relief he requests. Specifically, the Court finds that:
>
> 1. There has been no state or federal constitutional right created since this Petitioner's conviction that entitles him to the relief he seeks.
>
> 2. The medical records that the Petitioner refers to in his petition are not new scientific evidence.
>
> 3. The medical records that the Petitioner refers to in his petition were available at trial and were disclosed to the Petitioner prior to trial.
>
> 4. The medical records that the Petitioner refers to in his petition do not prove his actual innocence and are not exculpatory.

## ANALYSIS

On appeal, the petitioner argues, among other things, that the victim's medical report was exculpatory evidence, which the prosecutor deliberately failed to disclose at his rape of a child trial.

-3-

The State responds that the petitioner's appeal must be dismissed due to his failure to follow the procedural requirements for appealing the denial of a motion to reopen a post-conviction petition. In the alternative, the State argues that the post-conviction court properly denied the motion on the basis that there were no grounds to reopen the post-conviction petition. We agree with the State.

In order to obtain appellate review of the trial court's denial of a motion to reopen a post-conviction petition, a petitioner must comply with Tennessee Code Annotated section 40-30-117(c), which provides as follows:

> If the motion is denied, the petitioner shall have ten (10) days to file an application in the court of criminal appeals seeking permission to appeal. The application shall be accompanied by copies of all documents filed by both parties in the trial court and the order denying the motion. The state shall have ten (10) days to respond. The court of criminal appeals shall not grant the application unless it appears that the trial court abused its discretion in denying the motion. If it determines that the trial court did so abuse its discretion, the court of criminal appeals shall remand the matter to the trial court for further proceedings.

Tenn. Code Ann. § 40-30-117(c) (2006). A petitioner's failure to comply with these statutory requirements deprives this court of jurisdiction over the case. Mario Gates v. State, No. W2002-02873-CCA-R3-PC, 2003 WL 23100815, at *2 (Tenn. Crim. App. Dec. 31, 2003). Here, the petitioner has failed to comply with the statutory requirements for appellate review of the trial court's ruling. He filed his notice of appeal on October 2, 2006, more than ten days after the trial court's September 11, 2006, oral ruling from the bench, and before the November 1, 2006, entry of the trial court's written order denying the motion. Consequently, his application failed to contain the trial court's order denying the motion. It also failed to contain copies of the documents filed by the parties in the trial court, and the application was filed in the wrong court. Accordingly, we are without jurisdiction to entertain this appeal.

Even if the petitioner had complied with the statutory requirements, he would not be entitled to relief in this case. Tennessee Code Annotated section 40-30-117 provides that a petitioner may file a motion in the trial court to reopen his first post-conviction petition only in limited circumstances, including if "[t]he claim in the motion is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted[.]" Tenn. Code Ann. § 40-30-117(a)(2). It must appear that "the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced." Tenn. Code Ann. § 40-30-117(a)(4). The petitioner bases his claim for relief on the victim's rape kit, which was available to him at the time of his rape of a child trial. Moreover, the information contained in the report, that the victim showed no signs of physical injury or abuse at her March 15, 2000, rape examination, does not establish the petitioner's innocence of the rape of child offense, which was based on an act that occurred in April 1995. As such, the trial court properly denied the petitioner's motion to reopen the post-conviction petition.

-4-

## CONCLUSION

Following our review, we dismiss the petitioner's appeal for lack of jurisdiction over the case.

_____
ALAN E. GLENN, JUDGE